UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYED ALMERAISI,

        Petitioner,                              Case No. 15-12823
                                                                 HON TERRENCE G. BERG

v.

THOMAS WINN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY PROCEEDINGS (DKT. 9)**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Kayed Almeraisi was convicted after a jury trial in the Wayne County Circuit Court of four counts of first-degree criminal sexual conduct, M.C.L. § 750.520b, and three counts of second-degree criminal sexual conduct, M.C.L. § 750.520c. (Dkt. 1, pp. 1, 83.) Petitioner is serving concurrent terms of 16 to 30 years for the first-degree convictions and 3 to 15 years for the second-degree convictions. (Dkt. 1, p. 83; Dkt. 8-13, pp. 29-30.) The petition raises two claims: (1) the prosecutor committed misconduct by commenting on Petitioner's pre-arrest silence, and (2) insufficient evidence was presented at trial to sustain Petitioner's convictions. (Dkt. 1, pp. 5, 7.)

Before the Court is Petitioner's motion to stay this case so that he can return to the state courts to pursue relief with respect to four additional claims: (3) trial and appellate counsel were ineffective for failing to challenge the admissibility of audio tapes recorded by the victim, (4) trial and appellate counsel were ineffective for

failing to challenge the charges on statute of limitations grounds, (5) trial and appellate counsel were ineffective for failing to challenge the trial court's injection of religious opinions at trial, and (6) Petitioner was denied due process by the cumulative effect of trial errors. (Dkt. 9, p. 2). Respondent has not filed a response to the motion. For the reasons stated below, Petitioner's motion will be **GRANTED** because he has four unexhausted claims he wishes to present to the state courts, and because he has alleged good cause for obtaining a stay.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2013, after a three-day jury trial in Wayne County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. (Dkt. 8-12, pp. 4-5.) Petitioner was sentenced on July 10, 2013 to concurrent terms of 16-to-30 years for the first-degree convictions and 3-to-15 years for the second-degree convictions. (Dkt. 8-13, pp. 29-30.) Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals and raised two issues:

I. Did the prosecutor commit misconduct when it commented on the defendant's silence, thereby shifting the burden of proof, and did the court err in denying the defendant's motion for a mistrial, which was made following the prosecutor's inappropriate comment?

II. Was the evidence presented by the prosecutor insufficient to establish beyond a reasonable doubt that the defendant was guilty of the crimes for which he was convicted?

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Almeraisi*, No. 317339, 2014 WL 7157393 (Mich. Ct. App. Dec. 16, 2014).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Almeraisi*, 863 N.W.2d 318 (Mich. 2015) (unpublished table decision). On August 6, 2015, Petitioner filed a petition for writ of habeas corpus in this Court. (Dkt. 1.)

## II. ANALYSIS

Petitioner requests that this Court stay these proceedings and hold his petition for habeas corpus relief in abeyance so that he can seek relief in the state courts on four grounds not presented in his direct appeal and not presented in his habeas petition. (Dkt. 9.) A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *see also Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Bowling v. Haeberline*, 246 Fed. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

There must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); *See also Bowling*, 246 Fed. App'x. at 306 (district court erred in dismissing petition containing only exhausted

claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his other claims. The outright dismissal of the petition, even without prejudice, could result in the preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). To avoid this outcome, the United States Supreme Court has suggested that a habeas petitioner could file a "protective" habeas petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may therefore stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Several considerations favor holding this petition in abeyance. First, this Court has considered the consequences to Petitioner if it were to adjudicate the petition and find that relief is not warranted before the state courts ruled on Petitioner's unexhausted claims. Under those circumstances, should Petitioner subsequently seek habeas relief on the claims the state courts rejected, he would

4

have to overcome the high bar to filing a second habeas petition. *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Second, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id*.

With respect to the merits of Petitioner's unexhausted claims, this Court is in no position at this stage to determine whether they have any merit; thus, the Court cannot say that Petitioner's claims are "plainly meritless." If the state courts deny post-conviction relief, however, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id*.

Finally, this Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

Even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state court remedies, this Court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This Court will hold this petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the Michigan state courts. Petitioner must diligently pursue relief in the state courts by filing a motion for relief from judgment in the trial court within **ninety (90) days** of receiving this Court's order. To resume this case, Petitioner must file an amended petition and move this Court to lift the stay within **ninety (90) days** of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F. 3d 717, 718 (6th Cir. 2002); *see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). If Petitioner does not file an amended petition and motion to lift the stay within **ninety (90) days** of completing the exhaustion of his state court remedies, this case will remain closed.

To properly exhaust his new claims in state court, Petitioner must file a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). If Petitioner's motion for relief from judgment is denied, Petitioner will be required to appeal this denial to

the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust his claims. *See, e.g., Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. CONCLUSION

For the reasons stated above, Petitioner's motion to hold this petition for habeas relief in abeyance (Dkt. 9) is **GRANTED**. Accordingly, these proceedings are **STAYED** and this petition is **HELD IN ABEYANCE** while Petitioner exhausts his new claims in Michigan state court.

To exhaust his state claims, Petitioner must file a motion for relief from judgment with the Wayne County Circuit Court within **ninety days (90)** of receipt of this order.

If Petitioner wants to resume this case after completing the exhaustion of his new claims in state court, Petitioner must file (using the same case number already assigned to this case): (1) a motion to lift the stay showing that Petitioner complied with the terms of this order; and (2) an amended petition for habeas relief that includes all of the newly-exhausted claims that Petitioner wants to adjudicate in this Court. Petitioner must file the motion and amended petition within **ninety (90) days** of the conclusion of his state court post-conviction proceedings or this case shall remain closed.

Finally, to avoid any administrative difficulties, the Clerk of Court is directed to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See*

7

*Thomas*, 89 F. Supp. 3d at 943-944. Upon receipt from Petitioner of a timely motion to lift the stay and an amended habeas petition following the exhaustion of his state court remedies, the Court may order the Clerk of Court to reopen this case for statistical purposes.

**SO ORDERED**.

                                                s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

Dated: May 17, 2016

## Certificate of Service

      I hereby certify that this Order was electronically submitted on May 17, 2016 using the CM/ECF system, which will send notification to each party.

                                                s/A. Chubb
                                                Case Manager